**\*\*ORAL ARGUMENT NOT YET SCHEDULED\*\***

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| The National Association for Fixed Annuities,<br><br>        Appellant,<br><br>    vs.<br><br>United States Department of Labor, *et al.*,<br><br>        Appellees. | **Case No. 16-5345** |

## CONSENT MOTION TO EXTEND BRIEFING SCHEDULE DEADLINES

Appellant The National Association for Fixed Annuities ("NAFA" or "Appellant") respectfully requests that this Court extend the briefing schedule deadlines for each respective brief by 60 days. Appellees consent to the relief requested in this motion. The grounds for this motion are as follows:

1. On November 14, 2016, NAFA filed its notice of appeal of a November 4, 2016 district court ruling denying NAFA's preliminary injunction and entering summary judgment in favor of the Appellees.

2. The issues on appeal, among others, include whether DOL's promulgation of the "fiduciary rule" and certain related prohibited transaction exemptions (81 Fed. Reg. 20,946-21,002 to be codified at 29 C.F.R. § 2510.3-21

1

and 81 Fed. Reg. at 21,002-21,088 & 22,010-22,020) (the "Rule") exceeds congressional intent and statutory authority, whether DOL violated the Administrative Procedures Act, 5 U.S.C. § 551 et seq. in promulgation of the Rule, and whether the Rule's mandate that compensation be "reasonable" is unconstitutional under the Due Process Clause of the United States Constitution.

3. The Rule's applicability date is scheduled for April 10, 2017.

4. In a February 3, 2017 Presidential Memorandum, President Donald J. Trump directed DOL to examine the Rule and reassess whether it "is likely to harm investors due to a reduction [in] Americans' access to certain retirement savings offerings, retirement product structures, retirement savings information, or related financial advice," whether the Rule's anticipated applicability date has resulted in "dislocations or disruptions within the retirement services industry," and whether the Rule is likely to cause "an increase in litigation, and an increase in the prices that investors and retirees must pay gain access to retirement services." 82 Fed. Reg. 9675 (Feb. 3, 2017) ("Presidential Directive").

5. In response to the Presidential Directive, DOL issued a Notice of Proposed Rulemaking to extend the Rule's applicability date by 60 days, to June 9, 2017 (the "Proposed Delay Rule"), in order to allow more time for the DOL to reexamine the Rule. 82 Fed. Reg. 12,319, 12, 320, 12,325 (Mar. 2, 2017). This Notice of Proposed Rulemaking also seeks comments "on the questions raised in

2

the President's Memorandum" to assist the DOL in its reexamination of the "legal and economic analysis" used in supporting the Rule and related prohibited transaction exemptions ("Reexamination"). The Reexamination could result in retaining, revising, or revoking the Rule.

6. The comment period for the Proposed Delay Rule closed on March 17, 2017. The comment period for Reexamination of the Rule closes on April 17, 2017. *Id.*

7. On March 7, 2017, the Court entered a briefing order that provides for the Appellant's Brief to be filed on April 17, 2017, the Appellees' Brief on May 17, 2017, and the Appellant's Reply Brief on May 31, 2017.

8. In light of the Presidential Directive, Proposed Delay Rule, and Reexamination of the Rule, a 60-day extension of the briefing schedule is proper and desirable so that the parties do not expend unnecessary time and resources on briefing while the DOL conducts its Reexamination as directed by the President. Further to that point, should DOL propose to rescind the Rule in whole or make substantial changes to the Rule, this appeal could be mooted and obviate any need for the parties to brief the issues in this case.

9. The 60-day extension of the briefing schedule will promote judicial economy by avoiding the use of judicial resources while there is still the

possibility that issues in this case could be rendered moot or otherwise affected by the outcome of the DOL's Reexamination.

10. The parties understand that NAFA has sought an injunction of the Rule and has consistently asserted the Rule's applicability date should be delayed to allow adequate time for NAFA members to satisfy the Rule's compliance requirements. In light of the foregoing, the parties further understand that the requested extension is prompted by DOL's reconsideration of the Rule, and that nothing herein shall be considered an admission or waiver of any arguments in this case on the part of NAFA, or in the event NAFA should seek additional relief as to the Rule as part of or in addition to this appeal.

11. NAFA has conferred with counsel for the government. The government consents to the extension requested.

WHEREFORE NAFA respectfully requests that the Court extend the briefing schedule deadlines for each of the respective briefs by 60 days, so that Appellant's Brief is to be filed on June 16, 2017, Appellees' Brief on July 17, 2017, and Appellant's Reply Brief on July 31, 2017.

Respectfully submitted,

/s/ Philip D. Bartz
Philip D. Bartz
Jacob A. Kramer
Bryan J. Harrison
Adam L. Shaw
BRYAN CAVE LLP
1155 F Street, N.W., Suite 700
Washington, D.C. 20004
(202) 508-6000

*Counsel for Appellant NAFA*

Dated: March 29, 2017

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 27(d)(1) and Circuit Rule 27(a)(1), I hereby certify that the foregoing Consent Motion for Extension of Briefing Schedule Deadlines contains 750 words, and is within the word limit set by Fed. R. Civ. P. 27(d)(2)(A).

/s/ Philip D. Bartz
Philip D. Bartz

*Counsel for Appellant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of March 2017, a copy of the foregoing Consent Motion to Extend Briefing Schedule Deadlines was served electronically through the Court's CM/ECF system on all registered counsel. Service was accomplished on the following through the CM/ECF filing system:

>Michael S. Raab
>Michael Shih
>United States Department of Justice
>Civil Division, Appellate Staff
>950 Pennsylvania Avenue, Room 7268
>Washington, D.C. 20530
>
>*Counsel for Appellees*

/s/ Philip D. Bartz
Philip D. Bartz

*Counsel for Appellant*