**<u>**ORAL ARGUMENT NOT YET SCHEDULED**</u>**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| The National Association for Fixed Annuities,<br><br>　　　　　Appellant,<br><br>　　vs.<br><br>United States Department of Labor, *et al.*,<br><br>　　　　　Appellees. | **Case No. 16-5345** |

**<u>UNOPPOSED MOTION FOR SECOND EXTENSION OF BRIEFING SCHEDULE</u>**

Appellant The National Association for Fixed Annuities ("NAFA" or "Appellant") respectfully requests that this Court extend the current briefing schedule deadlines for each respective brief by an additional 60 days. Appellees do not oppose the relief requested in this motion. The grounds for this motion are as follows:

1.　On November 14, 2016, NAFA filed its notice of appeal of a November 4, 2016 district court ruling denying NAFA's preliminary injunction and entering summary judgment in favor of the Appellees.

1

2. The issues on appeal, among others, include whether DOL's promulgation of the "fiduciary rule" and certain related prohibited transaction exemptions (81 Fed. Reg. 20,946-21,002 to be codified at 29 C.F.R. § 2510.3-21 and 81 Fed. Reg. at 21,002-21,088 & 22,010-22,020) (the "Rule") exceeds congressional intent and statutory authority, whether DOL violated the Administrative Procedures Act, 5 U.S.C. § 551 et seq. in promulgation of the Rule, and whether the Rule's mandate that compensation be "reasonable" is unconstitutional under the Due Process Clause of the United States Constitution.

3. As explained below, the Rule's applicability date is currently set for June 9, 2017.

4. In a February 3, 2017 Presidential Memorandum, President Donald J. Trump directed DOL to examine the Rule and reassess whether it "is likely to harm investors due to a reduction [in] Americans' access to certain retirement savings offerings, retirement product structures, retirement savings information, or related financial advice," whether the Rule's anticipated applicability date has resulted in "dislocations or disruptions within the retirement services industry," and whether the Rule is likely to cause "an increase in litigation, and an increase in the prices that investors and retirees must pay gain access to retirement services." 82 Fed. Reg. 9675 (Feb. 3, 2017) ("Presidential Directive").

5. In response to the Presidential Directive, DOL issued a Notice of Proposed Rulemaking to extend the Rule's applicability date by 60 days, to June 9, 2017 (the "Proposed Delay Rule"), in order to allow more time for the DOL to reexamine the Rule. 82 Fed. Reg. 12,319, 12,320, 12,325 (Mar. 2, 2017). This Notice of Proposed Rulemaking also sought comments "on the questions raised in the President's Memorandum" to assist the DOL in its reexamination of the "legal and economic analysis" used in supporting the Rule and related prohibited transaction exemptions ("Reexamination"). The Reexamination could result in retaining, revising, or revoking the Rule.

6. The comment period for the Proposed Delay Rule closed on March 17, 2017. The comment period for Reexamination of the Rule closed on April 17, 2017. *Id.* On April 7, 2017, the DOL issued a final rule ("Delay Rule") moving the applicability date of the Rule from April 10, 2017 to June 9, 2017. *See* 82 Fed. Reg. 16,902 (Apr. 7, 2017).

7. On March 29, 2017, NAFA filed a consent motion to extend the briefing schedule deadlines. On April 4, 2017, the Court revised the briefing schedule to provide for the Appellant's Brief to be filed on June 16, 2017, the Appellees' Brief on July 17, 2017, and the Appellant's Reply Brief on July 31, 2017.

3

8.　　There are developments since the filing of the initial consent motion justifying an additional extension of the briefing schedule:

a.　　*First*, the Reexamination by DOL is underway. 82 Fed. Reg. 16,906.

b.　　*Second*, on April 27, 2017, the United States Senate confirmed Alexander Acosta as DOL Secretary. Secretary Acosta and his new staff have assumed office and should be given an opportunity to review the Rule and conduct the Reexamination.

c.　　*Third*, the Delay Rule provided for moving the applicability date to June 9, 2017 and modifying the related prohibited transaction exemptions to require compliance only with the Impartial Conduct Standards during a phase-in period from June 9, 2017 to January 1, 2018. Public comments as part of the rulemaking and in the general press have urged DOL to further delay the applicability date of the Rule in its entirety, including the related prohibited transaction exemptions, until DOL decides to retain the Rule or issues a final rule that would revise or revoke the Rule. *See, e.g.* April 17, 2017 NAFA Comment No. 1408, at 2 ("To allow the Rule, and impartial conduct standards, to take effect on June 9, 2017 prior to completion of the [Reexamination] is to undermine the [Presidential Directive], which was to review the Rule *before* its implementation."); April

17, 2017 SIFMA Comment No. 1395, at 13 ("[The June 9, 2017 applicability date] is insufficient to meaningfully carry out the [Presidential Directive].").

　　d.　*Fourth*, there is ongoing legislative action regarding the Rule. On Thursday May 4, 2017, the House Financial Services Committee reported out of committee the Financial CHOICE Act of 2017, H.R. 10, 115th Cong. (2017). The current bill would repeal the Rule until at least 60 days after the Securities and Exchange Commission issues its own fiduciary standard and limit DOL's authority to issue regulations regarding the Rule.

9.　　In light of these developments, an additional 60-day extension of the briefing schedule is proper and desirable so that the parties do not expend unnecessary time and resources on briefing during this period in which the new Secretary and his staff begin their review of these matters. Further to that point, should DOL propose to rescind the Rule in whole or make substantial changes to the Rule, this appeal could be mooted and obviate any need for the parties to brief the issues in this case.

10.　　The additional 60-day extension of the briefing schedule will promote judicial economy by avoiding the use of judicial resources while there is still the possibility that issues in this case could be rendered moot or otherwise affected by the actions of the new Secretary or the outcome of the DOL Reexamination.

11. The parties understand that NAFA has sought an injunction of the Rule and has consistently asserted the Rule's applicability date should be delayed to allow adequate time for NAFA members to satisfy the Rule's compliance requirements. In light of the foregoing, the parties further understand that the requested extension is prompted by DOL's reconsideration of the Rule, and that nothing herein shall be considered an admission or waiver of any arguments in this case on the part of NAFA, or in the event NAFA should seek additional relief as to the Rule as part of or in addition to this appeal.

12. NAFA has conferred with counsel for the government. The government does not oppose a 60-day extension of the briefing deadlines.

WHEREFORE NAFA respectfully requests that the Court extend the briefing schedule deadlines for each of the respective briefs by 60 days, so that Appellant's Brief is to be filed on August 15, 2017, Appellees' Brief on September 15, 2017, and Appellant's Reply Brief on September 29, 2017.

[Signature block on following page]

        Respectfully submitted,

        /s/ Philip D. Bartz
        Philip D. Bartz
        Jacob A. Kramer
        Bryan J. Harrison
        Adam L. Shaw
        BRYAN CAVE LLP
        1155 F Street, N.W., Suite 700
        Washington, D.C. 20004
        (202) 508-6000

        *Counsel for Appellant NAFA*

Dated: May 18, 2017

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 27(d)(1) and Circuit Rule 27(a)(1), I hereby certify that the foregoing Consent Motion for Extension of Briefing Schedule Deadlines contains 1,084 words, and is within the word limit set by Fed. R. Civ. P. 27(d)(2)(A).

/s/ Philip D. Bartz
Philip D. Bartz

*Counsel for Appellant*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of May 2017, a copy of the foregoing Second Consent Motion to Extend Briefing Schedule Deadlines was served electronically through the Court's CM/ECF system on all registered counsel. Service was accomplished on the following through the CM/ECF filing system:

>Michael S. Raab
>Michael Shih
>United States Department of Justice
>Civil Division, Appellate Staff
>950 Pennsylvania Avenue, Room 7268
>Washington, D.C. 20530
>
>*Counsel for Appellees*

/s/ Philip D. Bartz
Philip D. Bartz

*Counsel for Appellant*